## GILCHRIST–FORDNEY CO. v. WELCH DRY KILN CO. *

Circuit Court of Appeals, Fifth Circuit. June 19, 1929.

No. 5506.

Stone Deavours and Henry Hilbun, both of Laurel, Miss., and Vernon E. Hodges, of Washington, D. C., for appellant.

Dean S. Edmonds and Merton W. Sage, both of New York City, and E. J. Ford, of Pascagoula, Miss., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is an appeal from an interlocutory decree holding patent No. 1,517,928, issued to John B. Welch, December 2, 1924, for improvements in kilns for drying lumber, to be valid and infringed.

The record supports the following conclusions as to the material facts. After sawing, green lumber must be dried before using it. One method of drying is by the use of what are known as progressive kilns. These kilns are buildings varying in length from 100 to 150 feet, approximately 20 feet wide by 10 feet in height, and capable of being made practically air tight. Green lumber is run on trucks, traveling on tracks, into the kilns. A truck load of freshly sawed lumber is put in one end, called the green end, allowed to stay in that end for a day, and then pushed forward daily, another truck load of lumber taking its place, until it finally emerges from the other end of the kiln, called the dry end. These kilns are heated, usually by steam pipes, and the process of drying usually consumes about seven days for pine lumber.

Green lumber contains a high percentage of moisture, and in the drying process will necessarily shrink. If the surface is dried too rapidly, leaving the interior portions of the lumber still wet, the shrinkage will have a tendency to crack and check the lumber, greatly reducing its merchantable value.

In the kiln-drying of lumber there are three essential factors, heat, humidity of the air, and circulation. It is necessary to have at the green end of the kiln high humidity, low temperature, and sluggish circulation, and at the dry end low humidity and high temperature. Longitudinal circulation is desirable, as transverse circulation tends to maintain the same temperature throughout the kiln. The ideal condition of drying in progressive kilns is to have the truck load of lumber enter a new air pocket each day, in which the humidity will be decreased and the heat increased progressively in just the right proportion. Before Welch's invention, this was sought to be accomplished by having more steam pipes and greater heat at the dry end, but results were not uniform. The improvement covered by the Welch patent consists principally of a by-pass conduit running from the green end along the bottom of the kiln and connected with a fresh air intake at the green end. Its function is to increase and improve longitudinal circulation. To accelerate the circulation, steam jets of small diameter are placed about midway of the kiln.

We entertain no doubt as to the validity of appellee's patent. The use of by-pass conduits and steam jets to improve circulation was unknown in the prior art, and their addition to progressive kilns constituted a new and useful improvement, greatly improving the process of drying lumber in such kilns and increasing the value of the finished product.

Appellant's device consists of an air conduit running through the kiln for a certain distance and the addition of steam jets to accelerate the circulation. The only difference between this and the patented device is that instead of connecting directly with a fresh air intake appellant's air conduit is connected with a chamber created by constructing a wall across the green end of the kiln about three feet from its end and below the rail

line. The fresh air intake of the Welch device is omitted, but the construction of the doors of the kiln, together with the spaces necessarily allowed through the doors for the rails on which the trucks of lumber move, supply sufficient fresh air to the conduit. It is apparent that appellant's device is substantially the same as that covered by plaintiff's patent and constitutes an infringement.

The judgment appealed from is affirmed.